JOURNAL ENTRY AND OPINION
{¶ 1} Cuyahoga Metropolitan Housing Authority (CMHA) appeals from an order granting a preliminary injunction in favor of Zaremba Properties Berea Co. (Zaremba) restraining CMHA from interfering with Zaremba's sublease with a cellular phone company. CMHA claims error in the court's refusal to stay the proceedings despite a valid arbitration provision, and in the court's further error in granting a preliminary injunction. We reverse and remand.
 {¶ 2} The record reveals that in February 1979, Zaremba and CMHA's predecessor entered into a lease agreement for the Quarrytown Apartments, located at 55 E. Bagley Road in Berea, for a lease term of 55 years beginning April 1, 1979. Contained in the lease was a specific provision that the property only be used for low income housing for the first thirty years. In addition to the lease, the parties executed a sublease for a thirty-year term, also beginning on April 1, 1979.
 {¶ 3} In September 2003, Zaremba entered into a sublease agreement with Ameritech Wireless Communications, L.L.C., d/b/a Cingular Wireless (Cingular) to sublease 20% of the floor space of a storage garage and space on the roof of the building to place cellular phone communication antennas, utility easements and cables to and from the garage and the building, along with access to all parts of the building. When Zaremba asked CMHA to consent to the sublease, CMHA refused.
 {¶ 4} As a result, in March 2004, Zaremba moved for Declaratory Judgment and sought an injunction to prevent CMHA from interfering with the subcontract with Cingular. In response, CMHA moved to stay the proceedings, citing to an arbitration provision contained in both the lease and sublease, but in June 2004, the trial court denied the motion to stay, granted the preliminary injunction, and ordered CMHA to restrain from interfering with the relationship with Cingular. CMHA appeals from this decision in the assignments of error set forth in the appendix to this opinion.
 {¶ 5} In its first assignment of error, CMHA claims error in the judge's refusal to stay the proceedings pending arbitration pursuant to R.C. 2711.02.
 {¶ 6} Section 20 of the lease, and the corresponding section 19 of the sublease, states in pertinent part:
"Any dispute arising under Lease [Sublease] shall be resolvedexclusively by arbitration in accordance with the Commercial Rules of theAmerican Arbitration Association, except for disputes requiring theparticipation of HUD."
 {¶ 7} R.C. 2711.02 mandates that the court shall "stay the trial of the action until the arbitration of the issue has been had in accordance with the [arbitration] agreement, provided the applicant for the stay is not in default in proceeding with arbitration."
 {¶ 8} In addition to this language mandating arbitration, there are no claims of fraud or unconscionableness concerning the language contained in these documents. See Williams v. Aetna Finance Co., 83 Ohio St.3d 464,472-473, 1998-Ohio-294. Instead, this Court is left with the question of whether the case should have been stayed pending arbitration, and the subsequent request for an injunction denied. There is no dispute that the parties entered into both a lease and a sublease containing arbitration clauses.
 {¶ 9} Although CMHA moved to stay proceedings pending arbitration, Zaremba moved for declaratory judgment and sought a preliminary injunction in order to prevent CMHA from interfering with its relationship with Cingular. While a party must demonstrate that an arbitration provision itself was fraudulently induced in order to defeat a motion to stay filed under R.C. 2711.02, the court denied the motion to stay, neglected to mandate a showing of fraud to avoid such a mandate, and instead granted the preliminary injunction. See ABM Farms, Inc. v.Woods, 81 Ohio St.3d 498, 1998-Ohio-612.
 {¶ 10} This injunction, however, operates to the prejudice of CMHA, and it is unreasonable to restrict CMHA to such an order when we have determined that the arbitration should go forward. See Premier Assocs.,Ltd. v. Loper (Oct. 27, 2000), Champaign Cty. App. No. 2000CA11.
 {¶ 11} CMHA's first assignment of error has merit. Based on our determination that the grant of a preliminary injunction was in error in light of a contractual arbitration provision, we find the remaining assignments of error moot. The order of the trial court is reversed and this case is remanded for a journal entry consistent with this opinion.
 APPENDIX A: ASSIGNMENTS OF ERROR "I. The trial court abused its discretion in granting a preliminaryinjunction where a motion to stay proceedings pending deferral (SIC) toarbitration pursuant to r.c. Section 2711.02 had been filed.
 "II. The trial court abused its discretion in granting a preliminaryinjunction without holding an evidentiary hearing.
 "III. The trial court abused its discretion in granting a preliminaryinjunction where the plaintiff-appellee has an adequate remedy at law andhas not shown irreparable harm.
 "IV. The trial court abused its discretion in granting a preliminaryinjunction where plaintiff-appellant [sic] has unclean hands."
It is ordered that the appellant recover from appellee costs herein taxed.
It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Gallagher, J., and Calabrese Jr., J., concur.